IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

NANCY THORSON,

                              OPINION AND ORDER

                Plaintiff,

v.                                         21-cv-207-slc

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

                Defendant.
_____

        On April 23, 2019, plaintiff Nancy Thorson applied for disability insurance benefits under Title II of the Social Security Act. Thorson alleged that she had been disabled since April 18, 2019 from a number of impairments, including osteoarthritis, fibromyalgia, tendinitis in both elbows and her left knee, and carpal tunnel syndrome in both hands. On October 19, 2020, an administrative law judge (ALJ) issued a decision finding that despite her severe impairments, Thorson remained capable of performing a limited range of sedentary work from her alleged onset date forward. The ALJ further found that, although Thorson's limitations prevented her from performing her past work, she was able to make a vocational adjustment to other jobs existing in the national economy.

        Thorson now seeks judicial review of the ALJ's decision. She contends solely that the ALJ erred by failing to articulate a reasoned basis for finding she had no limitations on fingering in spite of evidence in the record to the contrary. I agree. Accordingly, I am remanding this case to the acting commissioner for further proceedings.

## BACKGROUND

        Thorson applied for disability insurance benefits on April 23, 2019, at the age of 52. She had worked for many years in a cafeteria kitchen and more recently, as a bank teller. Thorson

---

[1]The court has changed the caption to reflect Kilolo Kijakazi's appointment as acting commissioner.

has a history of bilateral carpal tunnel syndrome, for which she underwent carpal tunnel release surgery in 2010. In a function report submitted with her application, Thorson alleged that her work-related limitations included frequent numbness in her arms and hands, weakness in her hands, and she no longer could type or do crafts. AR 229-30. Dr. Pat Chan, a state agency medical consultant, concluded from his review of Thorson's records that she was capable of performing the full range of light work (lifting 20 pounds and standing or walking up to six hours a day), with no manipulative or postural limitations. AR 64.

The local disability agency denied Thorson's application, and she appealed. In her disability report submitted with her appeal in August 2019, Thorson stated that she had had problems with the fingers on her right hand "lock[ing] up," but she was now having the same problem with the fingers on her left hand. AR 244. In September 2019, Thorson was diagnosed with trigger finger in the middle finger of her left hand. AR 496. Dr. Abraham Colb, another state agency consultant, reviewed Thorson's records on November 12, 2019 and agreed with Dr. Chan that she could meet the exertional demands of light work, although Dr. Colb thought she would have some limits on her ability to kneel, stoop, crouch, crawl, balance, and climb ladders, ropes, scaffolds or stairs. Like Dr. Chan, Dr. Colb opined that Thorson had no manipulative limitations. AR 74-76. The state disability agency again denied Thorson's claim.

Meanwhile, Thorson continued to seek treatment for her left middle trigger finger, receiving two cortisone injections. AR 548. After the injections failed to alleviate her symptoms, Thorson underwent pulley release surgery on May 4, 2020. Her surgeon, Dr. Austin Crow, discharged her that same day with instructions to be "nonweightbearing for heavy lifting but she may use the hand for fine motor activities." AR 562. Post-surgery, Thorson continued to have some swelling and snapping in the finger. However, by August 2020, she reported that she only had "catching" of the left middle finger in the morning and that her symptoms were tolerable. AR 615.

Plaintiff appeared telephonically, with counsel, at an administrative hearing before ALJ Christopher Messina on September 23, 2020. The ALJ heard testimony from plaintiff and a neutral vocational expert (VE). Thorson testified that she had to leave her bank teller job because it hurt too much to stand in one place and her hands became numb when she typed. She denied having trouble with finer activities such as buttoning or zipping, but said she sometimes dropped objects like cups because of numbness in her hands. AR 38-43. She further testified that her fibromyalgia caused widespread aching, primarily in her legs, arms, and shoulders. AR 45.

The ALJ presented the VE with a number of hypotheticals, the third of which mirrored the RFC assessment that the ALJ would later find in his written decision. That hypothetical asked the VE to assume that Thorson was limited to a range of sedentary work, with certain limitations on reaching and handling, including a limitation to occasional handling bilaterally. (The SSA defines "occasionally" as "occurring from very little up to one-third of the time." Social Security Ruling 83-10, 1983 WL 31251, at *5 .) In response to the operative hypothetical, the VE testified that an individual with such limitations could perform work as an insurance clerk, reserves clerk, wire transfers clerk, and mortgage clerk, and she identified these jobs by their corresponding numbers in the *Dictionary of Occupational Titles*. According to the VE, all of these positions would use transferable skills, specifically numerical recording and record keeping, that Thorson acquired in her past relevant work as a bank teller.

After the hearing, the ALJ issued a decision finding Thorson not disabled. The ALJ summarized the objective evidence concerning Thorson's knee pain, shoulder impairment, fibromyalgia, and left trigger finger, noting that she "reported persistent catching and swelling in the finger" after her May 2020 pulley release surgery. AR 19. He also summarized her alleged limitations, noting her function reports and her testimony, including her testimony that she has "numbness in her hands and sometimes drops things." AR 18. He found that, overall,

3

Thorson's statements about the limiting effects of her symptoms were not entirely consistent with the record, explaining that Thorson walked with a normal gait and had been able to manage her knee pain with injections, and that she declined physical therapy for her left shoulder impairment, which suggested that her pain was not as limiting as she alleged. AR 19. At the same time, however, the ALJ found that the state agency consultants' opinions that Thorson could perform work at the light level of exertion were "not persuasive." AR 20. In the ALJ's view, Thorson's arthritic knees would prevent her from standing or walking six hours a day, and her shoulder problems and fibromyalgia pain would prevent her from lifting or carrying the weight required for light exertional work. *Id*. The ALJ also disregarded Dr. Crow's May 4, 2020 discharge note, explaining that "[i]t was provided on the day of her left trigger finger release surgery and was intended to represent temporary restrictions." *Id*.

The ALJ found that Thorson had the residual functional capacity for sedentary work with a number of additional postural limitations. He found that because of her shoulder impairment, she had limitations on her ability to push, pull, and reach with her left arm. In addition, the ALJ found that "[t]he claimant's history of bilateral carpal tunnel syndrome and current left trigger finger symptoms would limit the claimant to occasional handling." *Id*. The ALJ concluded that these limitations would prevent Thorson from returning to her past work as a cafeteria cook or bank teller, which were medium and light in exertion, respectively. However, relying on the VE's testimony, the ALJ found that Thorson was capable of making a vocational adjustment to a number of other, sedentary jobs existing in significant numbers in the national economy, namely: insurance clerk (2,798 jobs); reserves clerk (2,237 jobs); wire transfer clerk (1,348 jobs); and mortgage clerk (34,529 jobs). *Id*.

The Appeals Council denied Thorson's request for review, making the ALJ's determination the final decision of the acting commissioner for purposes of judicial review.

OPINION

In deciding whether Thorson should prevail on her claim for benefits, the question for the court is not whether it would reach the same decision the ALJ did, but whether the ALJ's decision is supported by "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Stated differently, this court must determine whether the ALJ's findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In addition, the ALJ must identify the evidence and build a "logical bridge" between that evidence and the ultimate determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

The SSA recognizes that limitations on reaching, handling or fingering can have a significant impact on the potential job base for an individual who has impairments that limit her exertional capacities, as Thorson's do here. *See* SSR 85-15: Titles II and XVI: Capability to do Other Work – the Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, https://www.ssa.gov/OP_Home/rulings/di/02/SSR85-15-di-02.html. "Handling" is defined as "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands." *Id*. "Fingering" is defined as "involv[ing] picking, pinching, or otherwise working primarily with the fingers." *Id*. In this case, the ALJ found that Thorson was limited to only occasional handling as a result of her history of carpal tunnel syndrome and left trigger finger. However, he did not include any limitations on fingering.

I agree with Thorson that this was error. As Thorson points out, the same evidence that the ALJ cited as support for the handling limitation, namely, her history of bilateral carpal tunnel syndrome and trigger finger on the left hand, arguably supports fingering limitations. Thorson reasonably speculates that the ALJ may have decided no fingering limitation was necessary based on her testimony that she could manage buttons and zippers. As she points out, however, she also testified that she quit her job as a bank teller in part because she had difficulties with typing,

5

an activity that involves "working primarily with the fingers." Finally, she asserts – without contradiction from the acting commissioner – that all the jobs identified by the vocational expert require frequent fingering.

The acting commissioner responds that the ALJ was not required to include a fingering limitation because neither of the state agency physicians who reviewed Thorson's records at the administrative level nor Thorson's finger surgeon thought such a restriction necessary. This argument is not persuasive. As Thorson points out, the state agency physicians' review predated her trigger finger surgery and subsequent visits documenting continued problems. What's more, the ALJ specifically found that the state agency opinions were "not persuasive" and that Thorson was more limited than either doctor found. AR 20. Similarly, the ALJ found that the finger surgeon's note that Thorson should not use her hand for heavy lifting but could use it for fine motor activities was merely a post-operative instruction "intended to represent temporary restrictions." AR 20. Having rejected the medical opinions as failing to accurately reflect the severity of Thorson's limitations, it is illogical for the acting commissioner to now rely on those "unpersuasive" opinions as substantial evidence supporting the ALJ's decision.

The bottom line is that it is not clear from the ALJ's decision why he determined that Thorson's hand and finger impairments would pose limits on her ability to handle but not her ability to finger. "An ALJ's failure to consider an entire line of evidence falls below the minimal level of articulation required." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). Given the evidence supporting a fingering limitation and the potential adverse impact that such a limitation would have had on the relevant job base, the ALJ was at least required to explain why he determined such a limitation was unnecessary. His failure to do so requires remand.

6

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, is REVERSED and this case is REMANDED to the agency for further proceedings consistent with this opinion.

Entered this 28th day of February, 2022.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge